IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEANDRE WILLIAMS, #341687 | * | |
|     Plaintiff, | | |
|       v. | * | Civil Action No. WMN-10-982 |
| WARDEN, EASTERN CORRECTIONAL INSTITUTION | * | |
|     Defendant. | * | |

*****

## **MEMORANDUM**

Deandre Williams ("Williams") is a state inmate who on April 20, 2010, filed a letter with the Court complaining that he had been wrongfully "flagged" as a gang member at the Eastern Correctional Institution ("ECI") because of his race and religious beliefs. He claims that this places his health and safety at risk. He seeks unspecified injunctive relief and asks that criminal charges be brought against the Warden and ECI employees, ECF No. 1. The correspondence was construed as a 42 U.S.C. § 1983 civil rights action for injunctive relief and on May 4, 2010, the Office of the Attorney General was ordered to file a show cause response as to why injunctive relief should not be granted.

On June 8, 2010, the show cause response was filed. ECF No. 6. The Court construed the response as a motion for summary judgment, notified Williams of same, and granted him additional time to file an opposition response. His response was received for filing on August 13, 2010. ECF No. 9. The case is ready for consideration and may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2010).

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

> issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Williams claims that he has been falsely accused of a gang affiliation or "flagged" because of his race and strong belief in religion, and this has placed him at risk at ECI. In *Farmer v. Brennan*,

511 U.S. 825 (1994), the Supreme Court described the standard for determining Eighth Amendment deliberate indifference as follows: "[A] prison official cannot be found liable under the Eighth Amendment…unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Thus, to succeed on his claim, Williams must show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) Defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists"; (3) Defendant actually drew this inference; and (4) Defendant deliberately disregarded the apparent risk. *Id*.

The only named Defendant, Warden Green, responds that when interviewed by ECI intelligence staff on April 30, 2010, Williams acknowledged that when originally incarcerated in 2007, he indicated that he was a member of the Tree Top Piru sect of the Bloods gang. ECF No. 6, Exs 1 & 2. At the time of the interview, he informed ECI personnel that he no longer wanted anything to do with the Bloods. Williams was informed of the paperwork he must file to renounce his affiliation and told that under "federal guidelines" his announced gang affiliation may be maintained in his file for five years. *Id*. He informed staff that he wished to commence the renunciation process. *Id*.

Defendant also states that on May 3, 2010, Williams sought a cell change. He was asked if he had been threatened, whether he believed his life was in danger, and if he had been assaulted. He responded in the negative to all three questions. *Id*., Ex. 3. No action was taken. Defendant maintains that there is no documented threat to Williams.

Williams argues that when he was interviewed in April 2010, he denied being a gang member and indicated he was only associated [with a gang] by "talking with family and friends who

3

were members of a gang." ECF No. 9. He claims that no procedures were followed to have him "flagged" and placed on a gang tier and that the designation was taken in "reprisal." Williams further asserts that his cell change request in May of 2010 has nothing to do with the issue at hand. He claims that ECI has dealt with the issue of his being on a gang tier by moving him to another housing unit, but ECI has not resolved the issue of wrongful flagging that is putting his health and safety at risk. *Id.*

Under Supreme Court law, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374-376 (2008). 1

Williams complains of the gang validation information in his prison file. Defendant presents a verified record showing that Williams was interviewed by correctional personnel after he filed this letter complaint and prison request slips with intelligence officers and prison personnel. He was informed as to what he must do to renounce his prior gang affiliation. He was also informed that information regarding his self-acknowledged Bloods gang membership in 2007 could be maintained in his file for five years. When questioned again in May of 2010 regarding a cell-change request, Williams indicated that he had not been threatened or assaulted and did not fear for his safety. In his response Williams states that he had never been a gang member but has associated with gang members through family and friends. He asserts that he has been flagged in reprisal. He originally

---

[1] The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions. Rather, the standard articulated in *Winter* governs the issuance of such emergency relief in this circuit. *See Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, __U.S. __, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010)

stated that he has been flagged as a gang member due to his race and religion.  None of these allegations is factually supported.  More importantly, Williams has failed to come forward with any factual particulars to show the Court that his life is at risk or that Defendant and other ECI staff have been deliberately indifferent to his safety.  The Court shall grant Defendant's court-construed motion for summary judgment and shall dismiss his Complaint for injunctive relief.  A separate Order follows.

/S/

Date: January 12, 2011  _____
William M. Nickerson
Senior United States District Judge

---

(per curiam).